```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

DAVID P. JOHNSON,                )
     Plaintiff,                  )
                                 )
          v.                     )  C.A. No. 12-11026-MLW
                                 )
                                 )
NEW YORK LIFE INSURANCE CO.,     )
     Defendant.                  )
```

                        MEMORANDUM AND ORDER

WOLF, D.J.                                        March 14, 2013

    This is a putative class action brought pursuant to 28 U.S.C. §§1331 and 1332(d) by Christopher Sweet, Richard Torres, Richard Torres II, Michael Wiseman and David Johnson ("named plaintiffs") against defendants New York Life Insurance Co., New York Life Insurance and Annuity Corp., NYLife Insurance Co. of Arizona, and NYLife Securities LLC ("defendants"). The suit is brought on behalf of insurance agents currently or formerly employed by defendants in the United States (the "Federal Class") and in Massachusetts (the "Massachusetts Class"). Plaintiffs allege that defendants failed to meet the overtime and minimum wage requirements of the Fair Labor Standards Act, 29 U.S.C. §201 ("FLSA") and the Massachusetts Minimum Fair Wage Law, M.G.L. c. 151 ("MFWL").

    Defendants have moved to transfer the case pursuant to 28 U.S.C. §1404(a) to the United States District Court for the Southern District of New York (the "Motion to Transfer"), where a class action brought by plaintiffs' counsel and alleging the same FLSA overtime claim was first-filed and remains pending. In support

of their Motion to Transfer, defendants have filed, in addition to a memorandum of law and several other submissions, the declarations of Robert Hynes, Vice President, Agent Compensation of New York Life Insurance ("Hynes Decl."); Wesley Loden, Actuarial Director at New York Life Insurance ("Loden Decl."); and Sean P. Lynch, counsel for defendants ("Lynch Decl."). Plaintiffs oppose the Motion to Transfer. For the reasons described below, the court concludes that defendants' Motion to Transfer is meritorious.

28 U.S.C. §1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The parties do not dispute that transfer is permissible in this case. Plaintiffs could have brought this action in the Southern District of New York, as defendant corporations reside in that district within the meaning of 28 U.S.C. §1391(c)(2). Therefore, transfer is appropriate it if will promote the convenience of the parties and witnesses and serve the interest of justice. See 28 U.S.C. §1404(a).

In this case, the convenience of the parties will not necessarily be enhanced if this case is transferred to New York. While litigation in New York would be more convenient to defendants, New York corporations, it would be more burdensome to the named plaintiffs, Massachusetts residents. Thus, transfer would serve merely to shift the inconvenience from the defendants to the

plaintiffs. See Berrigan v. Greyhound Bus Lines, Inc., 560 F.Supp. 165, 169 (D. Mass. 1982), aff'd., 782 F.2d 295 (1st Cir. 1986).

Typically, it is not the convenience of the parties, but rather the convenience of the witnesses, that is the most important factor in considering a motion to transfer venue. See Brant Point Corp. v. Poetzsch, 671 F. Supp. 2, 3 (D. Mass. 1987) (citing cases and treatise).

> In analyzing the convenience of the witnesses, the [c]ourt must consider not only the number of potential witnesses located in the transferor and transferee districts, but also the nature and quality of their testimony and whether they can be compelled to testify. Thus, when a party seeks to transfer on account of the convenience of witnesses, he must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover.

Id. at 3-4. This factor counsels in favor of transfer to the Southern District of New York.

New York Life identified the following five anticipated New York based witnesses: (a) Robert Hynes, New York Life Vice President, Agent Compensation; (b) Morris Sims, New York Life Vice President and Chief Learning Officer; (c) Jonathan Jamarillo, former New York Life Vice President, Northeast Zone; (d) Michael Burson, New York Life Senior Vice President, Recruiting and Retention; and (e) James A. Robertson III, New York Life Chief Operating Officer, Northeast Zone. See Lynch Decl. ¶3. The testimony of these expected witnesses is likely to be important to interpreting New York Life's compensation policies and practices,

and to determining liability under the FLSA and the MFWL. See Defs.' Mem., Ex. B-C.

The only identified Massachusetts witnesses are the named plaintiffs. Plaintiffs argue that defendants will call other New York Life employees located in Massachusetts. However, any testimony these witnesses would provide would be of less importance than that of the corporate New York witnesses, where New York Life's national compensation policies originated. See Compl. ¶¶20-33; Hynes Decl. ¶9. As this case will focus on defendants' formulation and implementation of its compensation practices and policies, most of the related witnesses will be located at New York Life's headquarters in New York. See Hynes Decl. ¶¶2, 6, 8-10. Additionally, more New York Life employees are located in New York than in Massachusetts. See Loden Decl. ¶2 ("As of August 1, 2012, New York Life had approx[.]: 640 active insurance agents affiliated with . . . Massachusetts; [and] 1,900 active insurance agents affiliated with . . . New York.").

As far more employees are located in New York than in Massachusetts, and because the managers and corporate employees involved in the development and implementation of New York Life's classification and compensation policies are located in New York, a New York forum is more convenient to most of the expected witnesses. See Jones v. Walgreen, Co., 463 F. Supp. 2d 267, 276-77 (D. Conn. 2006) (where company-wide policy was basis for complaint,

transfer was appropriate to district where defendant-company was headquartered and where a disproportionate number of managers and corporate employees involved in the development and implementation of the decisions and policies at issues were located).

Finally, and particularly importantly, the interests of justice militate in favor of transfer. The interests of justice encompass public interest factors aimed at "systemic integrity and fairness." Stewart Org., Inc. v. Ricon Corp., 487 U.S. 22, 30 (1988)). "Judicial economy and the avoidance of inconsistent judgments are prominent among the principle elements of systemic integrity." Samsung Electronics Co., Ltd. v. Rambus, Inc., 386 F. Supp. 2d 708, 721 (E.D. Va. 2005); see also Wright, Miller & Cooper, Fed. Prac. & Proc. 3d §3854 (2012). Accordingly, the pendency of related litigation in the transferee forum weighs heavily in favor of transfer. See Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987).

> To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different [d]istrict [c]ourts leads to the wastefulness of time, energy and money that §1404(a) was designed to prevent.

Continental Grain Co. v. The FBL-585, 364 U.S. 19, 26 (1960); see TPM Holdings, Inc. V. Intra-Gold Industries, Inc., 91 F.3d 1, 4 (1st Cir. 1996).

Pending in the Southern District of New York is a related putative class action brought on behalf of former New York Life

5

insurance agents, represented by the same law firm representing the plaintiffs in this case, for, among other things, the same violation of the FLSA's overtime requirement.[1] See Chenensky v. New York Life Insurance Co., S.D.N.Y Docket No. 07-11504-WHP, Second Amen. Compl. ¶2; Compl. ¶2. If transferred, it appears that this case would be assigned to Judge William H. Pauley III, who currently presides over Chenensky. See S.D.N.Y Local Rule 13 ("A case designated related shall be forwarded to the judge before whom the earlier-filed case is then pending."). Judge Pauley has already analyzed and dismissed the FLSA overtime claim in Chenensky. See Chenensky, S.D.N.Y Docket No. 07-11504-WHP. While that decision is not res judicata because it was not a final judgment, litigation of the same issue in this court would not serve the interest of judicial economy and would entail the risk of inconsistent judgments. This factor strongly favors transfer of the instant case to the Southern District of New York.

The court recognizes that generally, "there is a strong presumption in favor of plaintiffs' choice of forum." Coady, 223

---

[1] Although the overlapping FLSA claim was dismissed on summary judgment in 2009, an "action is considered pending so long as it is still subject to review" by an appellate court. Board of Com'rs of Benton County v. Whistler, 455 N.E.2d 1149, 1155 (4th Cir. 1983); cf. Merswin v. Williams Co., Inc., No. 08-2177, 2009 WL 249340, at *3 (N.D. Ga. Jan. 30, 2009) (finding that the first-file rule does not justify transfer where no overlapping claim remains pending and all appeals related thereto have been exhausted). In addition, the plaintiffs New York State law claims remain pending in the District Court.

F.3d at 11. However, the weight accorded to a plaintiff's choice of forum varies with the circumstances of the case. A plaintiff's choice of forum is less significant, for example, in the context of class actions. See 15 Wright, Miller & Cooper, Fed. Prac. & Proc. Juris. 3d §3848 (2007); see also In re Warrick, 70 F.3d 736, 741 n.7 (2d Cir. 1995) ("plaintiff's choice of forum is a less significant consideration in a . . . putative class action"); but see Johnson v. VCG Holding Corp., 767 F. Supp. 2d 208, 216 (D. Me. 2011) (concluding "that a plaintiff's choice of forum in a FLSA case is entitled to more deference than the choice of forum in Rule 23 national class action cases"). In addition, where, as here, the same counsel has filed class actions asserting the same federal claim in two different districts, and the second claim was filed after the federal claim was dismissed in the first-filed case, the usual weight given to the plaintiffs' choice of forum is not justified. Rather, to give it such weight would abet a form of forum shopping that should not be encouraged.

Because the court finds that the Southern District of New York is a more convenient forum for most of the expected witnesses in this case, and because litigation in New York would promote the interests of justice by avoiding the risk of inconsistent judgments, conserving judicial resources, and discouraging forum shopping, the Motion to Transfer is being allowed.

In view of the foregoing, it is hereby ORDERED that:

1.   Defendants' Motion to Transfer Venue (Docket No. 14) is ALLOWED.

2.   Pursuant to 28 U.S.C. §1404(c), this case is TRANSFERRED to the United States District Court for the Southern District of New York.

>                      /s/ MARK L. WOLF
>                      UNITED STATES DISTRICT JUDGE