UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

DAVID P. JOHNSON, JR., CHRISTOPHER
L. SWEET, RICARD L. TORRES, RICARD
L. TORRES II, and MICHAEL WISEMAN,
individually, and on behalf of all others
similarly situated,

                Plaintiffs,

       - against -

NEW YORK LIFE INSURANCE CO., NEW
YORK LIFE INSURANCE AND ANNUITY
CORP., NYLIFE INSURANCE CO. OF
ARIZONA, NYLIFE SECURITIES LLC (f/k/a
NYLIFE SECURITIES, INC.), JOHN DOES
1-50 (said names being fictitious individuals),
and ABC CORPORATIONS 1-50 (said names
being fictitious companies, partnerships, joint
ventures and/or corporations),

                Defendants.
------------------------------------------------------------ X



13 Civ. 1832 (ALC)(KNF)

ORDER

ANDREW L. CARTER, JR., District Judge:

      By letter dated January 22, 2014, Plaintiffs notified the Court that the parties were unable to agree on a stipulation of voluntary dismissal under Fed. R. Civ. P. 41(a)(1). The parties subsequently submitted letter briefs outlining their respective positions on a dismissal under Rule 41(a)(2). In their February 6, 2014 letter brief, Plaintiffs request the Court approve a dismissal without prejudice. Defendants' letter brief, dated February 7, 2014, seeks a dismissal without prejudice conditioned upon the requirement that any subsequent cases be refiled in this District. Defendants argue a dismissal without conditions would undo the transfer order from the District of Massachusetts, cause Defendants to relitigate the transfer motion, and allow Plaintiffs to bring a duplicative action in what they perceive to be a more favorable forum.

Since the parties were unable to agree on a stipulation of dismissal, a federal action "may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "Such dismissals . . . 'may be conditioned upon the plaintiff fulfilling whatever terms and conditions the district court, in its discretion, deems necessary to offset the possible prejudice that the defendant may otherwise suffer from the plaintiff dismissing his complaint without prejudice.'" Ruth v. Purdue Pharma Co., 225 F.R.D. 434, 435 (S.D.N.Y. 2004) (citation omitted). Indeed, "[r]easonable conditions limiting where a case may be refiled have been upheld on appeal as within that discretion." Id. (citing cases).

"The purpose of authorizing terms and conditions on a voluntary dismissal is to protect the defendant from prejudice." Cross Westchester Dev. Corp. v. Chiulli, 887 F.2d 431, 432 (2d Cir. 1989). The primary prejudice Defendants identify is the possibility of relitigating the transfer motion, which was premised upon the convenience of the anticipated witnesses and the existence of pending, related litigation in this District. (See Dkt. No. 24.) As Plaintiffs noted, however, the circumstances on which at least part of that order was based have materially changed. The related litigation in this District has been resolved by the Court of Appeals for the Second Circuit, meaning economy of judicial resources is no longer a relevant consideration. Additionally, it is unclear whether the transfer motion would still have been granted absent the pending, related litigation at the time, given the facts of this case, and the burden on Defendants to renew their transfer motion would be minimal.

Defendants also allude to Plaintiffs' alleged forum-shopping whenever they receive an unfavorable decision. But, other courts in this District have declined to impose venue conditions based on similar arguments. See Am. Fed'n of State, County & Mun. Employees Dist. Council 37 Health & Sec. Plan v. Pfizer, Inc., No. 12 Civ. 2237 (JPO), 2013 WL 3328219, at *2

(S.D.N.Y. July 2, 2013) (declining to impose a venue condition to prevent against purported forum shopping). Even more, Plaintiffs correctly point out their original choice of forum was Massachusetts, not New York, so any refilling in that forum can hardly be characterized as forum shopping. Defendants simply have not convinced this Court that the potential prejudice, if any, they may suffer warrants imposing a venue condition and better serves the ends of justice.[1]

Notably, this case is in its infancy, as the class certification motion was never fully briefed prior to the stay, and only negligible discovery has taken place. This, too, lessens any minimal harm Defendants may face from a dismissal without prejudice. In light of the foregoing, the Court, in its discretion, declines Defendants' requested relief. This case is DISMISSED WITHOUT PREJUDICE and without further conditions pursuant to Fed. R. Civ. P. 41(a)(2). The Clerk of Court is respectfully directed to terminate all pending motions and close this case from the Court's active docket.

**SO ORDERED.**

Dated:   New York, New York
         April 25, 2014

_____
ANDREW L. CARTER, JR.
**United States District Judge**

---

[1] Defendants' letter makes clear that they consent to a dismissal without prejudice, but also seek a condition on refiling in this District. Based on Defendants' position, an analysis of the factors set forth in Zagano v. Fordham Univ., 900 F.2d 12 (2d Cir. 1990), is superfluous. In any event, even under the Zagano factors – (1) plaintiff's diligence in bringing the motion; (2) any undue vexatiousness on plaintiff's part; (3) the extent to which the suit has progressed; (4) the duplicative expense of relitigation; and (5) the adequacy of plaintiff's explanation for the need to dismiss – the Court agrees with Plaintiffs' reasoning that these factors, considered in whole, favor dismissal without prejudice.

3